UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRETT WEIMER,<br><br>          Plaintiff,<br><br>    v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>          Defendant. | Case No. 2:20-cv-00368-EJY<br><br>**ORDER** |

Plaintiff Brett Weimer ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner" or the "Agency") denying his application for disability insurance benefits ("DIB") under Title II of the Social Security Act. Plaintiff requests the Court reverse the adverse disability determination without remand, and award him DIB retroactive to an amended onset date of disability. ECF No. 22 at 1. Alternatively, Plaintiff requests the Court remand this action for "immediate payment of benefits or for rehearing with instructions." *Id.* Defendant agrees the Commissioner's unfavorable disability determination should be reversed, but contends this matter should be remanded for further administrative proceedings only. ECF No. 25 at 3. For the reasons below, the final decision of the Commissioner is reversed, and this action is remanded for further administrative proceedings consistent with this Order.

## I.    BACKGROUND

In October 2014, Plaintiff filed an application for DIB alleging an onset date of disability beginning May 1, 2014.[1] Administrative Record ("AR") 159-60. The Commissioner denied Plaintiff's claims by initial determination on August 10, 2018 and again upon reconsideration on September 6, 2018. AR 91-94, 96-98. On September 20, 2018, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). AR 99-100. On August 1, 2019, Plaintiff filed a motion to

---

[1]     The parties' briefings and the AR do not make clear when Plaintiff filed his initial application for DIB. Defendant alleges Plaintiff's application was filed on October 25 (*id.*), whereas Plaintiff claims he filed his application on October 27, 2014 (ECF No. 22 at 3). The AR states Plaintiff filed his application on either October 26 (AR 68, 79) or October 27, 2014 (AR 76-77, 83).

amend his onset date of disability from May 1, 2014 to October 26, 2012. AR 151-54. After conducting a hearing on August 8, 2019 (AR 30-66), ALJ Cynthia Hoover issued her determination that Plaintiff was not disabled on September 25, 2019 (AR 15-23). It is uncontested among the parties that the ALJ failed to rule on Plaintiff's motion to amend his onset date at the administrative hearing or in her written decision thereafter. *Compare* ECF No. 22 at 9 *with* ECF No. 25 at 5. Plaintiff timely requested that the Appeals Council review the decision by the ALJ, but the Appeals Council denied that request on January 14, 2020. AR 1-6. When the Appeals Council denied Plaintiff's request for review, the ALJ's August 8, 2019 decision became the final order of the Commissioner. This civil action followed.

## II.  STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). Finally, the Court may not reverse an ALJ's decision on account of an error that is harmless. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III.   DISCUSSION

**A.   <u>Establishing Disability Under The Act</u>**

To establish whether a claimant is disabled under the Act, there must be substantial evidence that:

> (a)   the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b)   the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps are:

> Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to [DIB]. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. *See* 20 C.F.R. § 404.1520(b).
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. *See* 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [DIB]. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *See* 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant

3

cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. *See* 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [DIB]. *See* 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [DIB]. *See* 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *See id*.

*Id*. at 1098–99 (internal alterations omitted).

**B.     Summary of ALJ's Findings**

At step one, the ALJ determined Plaintiff did not engage in substantial gainful activity since his initial onset date of disability of May 1, 2014, through his date last insured ("DLI") of December 31, 2014. AR 17. In preparation for step two, the ALJ found Plaintiff had medically determinable impairments ("MDI") of "tinnitus and dysfunction of major joints (bilateral shoulder joints . . . )" through the DLI. *Id*. At step two, the ALJ determined Plaintiff "did not have an impairment or combination of impairments that significantly limited the ability to perform basic work-related activities for 12 consecutive months; therefore," the ALJ found Plaintiff "did not have a severe impairment or combination of impairments." AR 19. Having found Plaintiff was not disabled at step two, the ALJ did not proceed to the remaining steps of the sequential evaluation. 20 C.F.R. § 404.1520(a)(4) ("If the [Agency] can find that [the claimant is] disabled or not disabled at a step, the [Agency] make[s its] determination or decision and . . . do[es] not go on to the next step."). The ALJ concluded that "the claimant was not under a disability, as defined in the Social Security Act, at any time from May 1, 2014, the alleged onset date, through December 31, 2014," Plaintiff's DLI. AR 23.

**C.     Issues Presented**

Plaintiff contends the ALJ erred by failing to: (1) rule on Plaintiff's motion to amend his onset date of disability from May 1, 2014 to October 26, 2012; (2) recognize most of Plaintiff's

4

impairments as medically determinable; (3) recognize Plaintiff's MDIs as severe; (4) consider and give great weight to the United States Department of Veterans Affairs' (the "VA") determination and rating of Plaintiff's impairments, "particularly the VA's determination that Plaintiff was 90% disabled for multiple impairments effective October 26, 2014"; (5) discounting Plaintiff's symptoms testimony; and, (6) conduct the five-step sequential evaluation process properly. ECF No. 22 at 9-23. The Commissioner agrees that the ALJ should have "ruled upon [Plaintiff's] motion to amend his onset date, and that the ALJ insufficiently addressed Plaintiff's VA [90% combined] disability rating." ECF No. 25 at 5. However, Defendant argues that "Plaintiff's remaining challenges are moot, as remand is necessary to address the deficiencies identified above," and that "if the Court finds the additional purported errors are not moot, an award of benefits still would not be the appropriate remedy under the credit-as-true doctrine." *Id*.

The Court focuses its analysis below on (1) the ALJ's failure to rule on Plaintiff's motion to amend his onset date of disability, (2) the ALJ's failure to consider Plaintiff's VA 90% combined disability rating, and (3) the appropriate remedy.

### 1. Plaintiff's onset date of disability

As previously stated, Plaintiff filed a motion to amend his onset date of disability, from May 1, 2014 to October 26, 2012, prior to his administrative hearing. AR 151-54. It is undisputed that the ALJ erroneously referenced May 1, 2014 as Plaintiff's onset date throughout the administrative hearing and, further, failed to rule on Plaintiff's motion to amend his onset date at the hearing or in her written decision thereafter. *Compare* ECF No. 22 at 9 *with* ECF No. 25 at 5. The parties also agree that this error was not harmless because the ALJ relied on an erroneous onset date when finding Plaintiff did not present severe impairments at step two of the sequential evaluation process. *Compare* ECF No. 22 at 10 ("Amending Plaintiff's onset date would have affected the ALJ's determination because the ALJ clearly focused on the period between May 1, 2014 and December 31, 2014.") (internal citation omitted) *with* ECF No. 25 at 6 ("Had the ALJ ruled on the motion and amended Plaintiff's onset date, the step two evaluation may have resulted in a finding of severe impairments and the sequential evaluation may have proceeded beyond step two."). Based on the representations of the parties and the record presented, the Court finds the ALJ made a harmful error

in failing to rule on Plaintiff's motion to amend his onset date of disability at step two of the sequential evaluation process.

### 2.     Plaintiff's VA 90% combined disability rating

Under federal regulations that were in effect at the time Plaintiff filed his DIB claim, disability decisions by other governmental agencies were not binding on the Social Security Administration.  20 C.F.R. § 404.1504.  As Defendant concedes, however, the VA's disability ratings constitute evidence that the ALJ was nonetheless required to consider under the old regulations.  20 C.F.R. § 404.1512(b)(5) (eff. Apr. 20, 2015) (the Administration will consider "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled"); *see also McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (the "ALJ must consider the VA's finding [of disability] in reaching his decision.").

Here, Plaintiff initially received a 30% disability rating from the VA (AR 328-30), which was amended to a 90% combined disability rating effective October 26, 2014.  AR 238-40.  The parties agree that the ALJ failed to sufficiently consider the VA's 90% combined disability rating. *Compare* ECF No. 22 at 20 (the "ALJ did not consider the VA's [90% combined disability] finding") *with* ECF No. 25 at 6-7 (the "ALJ did not give sufficient consideration to Plaintiff's 90% VA rating.").  The parties further agree that the "VA's 90% combined disability rating, if properly considered, would have affected the ALJ's determination on whether Plaintiff had MDIs that were severe." *Compare* ECF No. 22 at 21 *with* ECF No. 25 at 7 (same).  Considering the above, the Court finds the ALJ committed a harmful error in neglecting to consider the VA's 90% combined disability rating at step two of the sequential evaluation process.

### 3.     Remedy sought

a.     *Remand with further proceedings consistent with this Order is appropriate*.

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the [C]ourt."  *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (internal citation omitted).  The Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (internal citations omitted).  Under the

"credit-as-true" rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and, (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

At this juncture, an immediate payment of benefits is unwarranted because further administrative proceedings would prove useful for resolution of the outstanding issues. *Cf. id.* (providing that an immediate award of benefits is appropriate where, *inter alia*, "further administrative proceedings would serve no useful purpose"); *see also Woody v. Astrue*, 357 F. App'x. 765, 767 (9th Cir. 2009) (remanding for an award of benefits because "no outstanding issues remain[ed] to be resolved"). Defendant is correct in insisting that the "determination of whether there are any outstanding issues, such as factual conflicts and ambiguities, must occur *before* evidence wrongfully discounted may be credited." ECF No. 25 at 10 (internal citations omitted) (emphasis in original).

Although the Court generally retains discretion over whether to remand a case for further proceedings or for an immediate payment of benefits (*Sprague*, 812 F.2d at 1232), when "outstanding issues . . . exist" in an action, the Court "must remand for further proceedings" under Ninth Circuit precedent. *Dominguez v. Colvin*, 808 F.3d 403, 409 (9th Cir. 2015). Therefore, the Court shall remand this case to the Social Security Administration for further administrative proceedings consistent with this Order.

With respect to the instructions provided to the ALJ on remand, Plaintiff requests that this Court order the ALJ to:

1. Amend Plaintiff's onset date from May 1, 2014 to October 26, 2012.

2. Consider and give great weight to the VA's determinations and ratings of Plaintiff's impairments as outlined in the VA's decision dated January 9, 2017 which awarded Plaintiff a combined 90% rating effective October 26, 2014 based on multiple impairments, and a combined 100% rating effective March 18, 2016. If the ALJ rejects any of this evidence, the ALJ must articulate persuasive, specific, and valid reasons that are supported by the record.

    3.    Consider and give special weight to the medical opinions of Plaintiff's treating providers between 2005 and present (instead of limiting the timeframe to May 1, 2014 to December 31, 2014). If the ALJ rejects any of this evidence, the ALJ must articulate clear and convincing reasons that are supported by the record.

    4.    If discrediting any of Plaintiff's testimony, the ALJ must articulate specific, clear, and convincing reasons that are supported by the record. The ALJ may not discredit Plaintiff's testimony on the sole basis that it is unsupported by objective medical evidence.

    5.    Recognize Plaintiff's TBI, chronic headaches, PTSD, major depression, chronic pain syndrome, orthopedic impairments, and hearing loss/tinnitus as [MDIs].

    6.    Recognize Plaintiff's MDIs as severe and proceed to Step Three of the five-step sequential process.

ECF No. 27 at 1-2.

Congress has prescribed a minimal role for federal courts in adjudicating disability claims under the Social Security Act. 42 U.S.C. § 405(g). As Defendant correctly points out, it is the "role of the Commissioner of Social Security—not this Court—'to make findings of fact, and decisions as to the rights of any individual applying for [disability benefits].'" ECF No. 25 at 7, *citing in part* 42 U.S.C. § 405(b)(1). While the ALJ's errors are more than regrettable, the Court cannot amend Plaintiff's onset date or order the ALJ to "give great weight" to the VA's disability ratings on its own accord. ECF No. 27 at 1. It follows that the Court cannot direct the ALJ to "give special weight to the medical opinions of Plaintiff's treating providers," recognize Plaintiff's impairments as MDIs, or recognize Plaintiff's MDIs as severe. *Id*. at 1-2. These are findings of fact the ALJ may or may not make as she proceeds or does not proceed through the sequential evaluation process.

That being said, the undersigned provides the relevant Ninth Circuit precedent on the legal standards under which this Court must evaluate the ALJ's decision on appeal. The ALJ:

    1.    "may give less weight to a VA rating if [s]he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Luther v. Berryhill*, 891 F.3d 872, 876-77 (9th Cir. 2018) (internal citation and quotation marks omitted);

2.  "may reject [an uncontradicted treating physician's opinion] only by offering clear and convincing reasons that are supported by substantial evidence."[2] *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005);

3.  "may only reject [a contradicted treating physician's opinion] by providing specific and legitimate reasons that are supported by substantial evidence." *Id*. (internal citation omitted);

4.  may "reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so" if there is no evidence of malingering.[3] *Garrison*, 759 F.3d at 1014-15 (internal citation omitted); and,

5.  "may not reject [Plaintiff's] subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (internal citation omitted).

b.  *Plaintiff's request for reimbursement of the $400 filing fee is granted*.

Plaintiff asks the Court to "[o]rder Defendant to reimburse Plaintiff the filing fee of $400 incurred to file the Complaint in this matter." ECF No. 22 at 24. Fee awards may be made under both the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and 42 U.S.C. § 406(b). *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (internal alterations and citation omitted). Here, Plaintiff does not indicate whether he is seeking reimbursement of the filing fee under EAJA, 42 U.S.C. § 406(b), or both. However, Section 406(b) awards attorney's fees for representation of claimants before the Commissioner, and Plaintiff is proceeding *pro se* in this matter. Thus, Plaintiff must be requesting reimbursement under the EAJA.

---

[2] Defendant may argue that the clear and convincing reasons standard used when reviewing an ALJ's decision to discount an uncontradicted treating physician's opinion is inconsistent with the deferential substantial evidence standard set forth in 42 U.S.C. § 405(g) and with agency regulations and rulings. Notwithstanding, the Ninth Circuit has employed the clear and convincing reasons standard when reviewing an ALJ's decision to discount an uncontradicted treating physician's opinion. *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020); *Bayliss*, 427 F.3d at 1216; *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). This Court is bound to follow Circuit precedent.

[3] Defendant may argue that the clear and convincing reasons standard used when reviewing an ALJ's decision to discredit a claimant's allegations is inconsistent with the deferential substantial evidence standard set forth in 42 U.S.C. § 405(g) and with agency regulations and rulings. Notwithstanding, the Ninth Circuit has employed the clear and convincing reasons standard when reviewing an ALJ's decision to discredit a claimant's allegations. *Lambert v. Saul*, No. 19-17102, 2020 WL 6735633, at *9 (9th Cir. Nov. 17, 2020); *Burrell v. Colvin*, 775 F.3d 1133, 1136–37 (9th Cir. 2014); *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). As previously stated, this Court must follow Circuit precedent.

The EAJA provides that:

> [A] court shall order award to a prevailing party other than the United States fees and other expenses . . . , incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States . . . , unless the [C]ourt finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

"The substantial justification test under the EAJA is one of reasonableness, *i.e.*, whether the government's position had a reasonable basis in law and fact. . . . The position of the United States includes both the government's litigation position and the underlying agency action giving rise to the civil action. . . . In the Social Security context, courts have treated the ALJ's decision as the underlying agency action." *Hardisty v. Berryhill*, Case No. 3:15-cv-00265-LRH-WGC, 2017 WL 2791050, at *2 (D. Nev. Apr. 27, 2017) (internal citations and quotation marks omitted). "[I]t will be only a decidedly unusual case in which there is substantial justification under the EAJA [to deny an award of fees and other expenses] even though the agency's decision was reversed as lacking in reasonable, substantial, and probative evidence in the record." *Thangaraja v. Gonzalez*, 428 F.3d 870, 874 (9th Cir. 2005) (internal citation and quotation marks omitted). In turn, if the ALJ's "underlying decision is not substantially justified, the [C]ourt need not address whether the government's litigation position was justified." *Hardisty*, 2017 WL 2791050, at *2, *citing Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013).

The parties agree that the ALJ's adverse disability determination should be reversed as unsupported by sufficient evidence. *Compare* ECF No. 22 at 1 *with* ECF No. 25 at 3. Because the agency's decision is reversed as lacking in "reasonable, substantial, and probative evidence in the record" (*Thangaraja*, 428 F.3d at 874), the Court "need not address whether the government's litigation position was justified." *Hardisty*, 2017 WL 2791050, at *2. In sum, the Court finds the position of the United States was not substantially justified, no special circumstances make an award of the filing fee unjust, and an award of $400.00 under the EAJA to Plaintiff is warranted.

## IV.   CONCLUSION

The ALJ erred in failing to rule on Plaintiff's motion to amend his onset date of disability at the administrative hearing or in her written decision. The ALJ also erred by insufficiently addressing

Plaintiff's VA 90% combined disability rating effective October 26, 2014. These errors were not harmless because the ALJ found Plaintiff not disabled at step two of the sequential evaluation process based on an onset date of disability Plaintiff sought to change through his motion to amend, as well as on an outdated VA disability rating.

## V.   ORDER

IT IS HEREBY ORDERED that Plaintiff's Motion to Reverse or Remand Defendant's Final Decision Denying Plaintiff's Application for Disability Insurance Benefits (ECF No. 22) is GRANTED.

IT IS FURTHER ORDRED that Defendant's Motion to Remand (ECF No. 25) is GRANTED.

IT IS FURTHER ORDERED that the Commissioner's adverse disability determination is REVERSED, and that this action is REMANDED for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. 405(g). On remand, the ALJ should: (1) rule on Plaintiff's motion to amend his onset date of disability; (2) address Plaintiff's VA 90% combined disability rating effective October 26, 2014, and (3) further evaluate and develop the record as the ALJ deems appropriate, including through the remainder of the five-step sequential evaluation process as necessary. Thereafter, the ALJ should determine whether Plaintiff is disabled under the Regulations.

IT IS FURTHER ORDERED that Plaintiff's request for reimbursement of the filing fee under the Equal Access to Justice Act is GRANTED. Fees are awarded to Plaintiff in the amount of $400.00.

IT IS FURTHER ORDERED that the Clerk of Court shall close this case and enter judgment accordingly.

DATED THIS 15th day of December, 2020.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

11